Jonathan S. Liss, Esq.
Yolanda J. Bromfield, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
(973) 639-6295 (facsimile)
jliss@gibbonslaw.com

Kenneth C. Pickering, Esq. (admitted *pro hac vice*)
**MIRICK, O'CONNELL,
DEMALLIE & LOUGEE, LLP**
100 Front Street
Worcester, MA 01608-1477
(508) 791-8500
(508) 791-8502 (facsimile)
kpickering@mirickoconnell.com

*Attorneys for Defendant
Robert Finch*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID WASH; ZODIAC INSURANCE SERVICES. INC; and ZODIAC INSURANCE SERVICES, INC., derivatively on behalf of ZODIAC INSURANCE SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT FINCH, individually and in his capacity as a Director of Zodiac Insurance Services, LLC, as a Director of AFL Insurance Brokers Limited, as a Director of AFL USA, Inc., as a Director of AFLIB2 Ltd. and as a Director of Next Gen Worldwide Limited,<br><br>Defendant. | Civil Action No. 1:22-CV-01367-CPO-SAK<br><br>*Document Filed Electronically*<br><br>**ANSWER TO AMENDED COMPLAINT** |

## ANSWER TO AMENDED COMPLAINT

Defendant Robert Finch, by its undersigned counsel, hereby answers the Plaintiffs' Amended Complaint as follows:

### PARTIES

1. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 2.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3.

4. Admitted.

5. Defendant states that the Amended Complaint speaks for itself. Defendant admits that the named entities maintain the address stated.

### JURISDICTION AND VENUE

6. Defendant states that Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 6.

7. Defendant states that Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 7.

### STATEMENT OF MATERIAL FACTS

8. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraphs 8.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 9.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10.

11. Defendant admits that he met Mr. Wash and that he was a shareholder, officer and director of AFL Insurance Brokers Limited.

12. Admitted.

13. Admitted.

14. Admitted.

15. Defendant states that AFL Insurance Brokers Limited never intended to purchase Zodiac, Inc. Zodiac, Inc. was in discussions with, and was ultimately purchased by, Next Gen Worldwide Limited. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15.

16. Admitted.

17. Defendant states that the financial statement speaks for itself.

18. Admitted.

19. Defendant states that the LinkedIn profile speaks for itself.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21.

22. Defendant states that the Contribution Agreement speaks for itself.

23. Defendant states that the Contribution Agreement speaks for itself.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24.

25. Admitted.

26. Admitted.

27. Admitted.

28. Defendant states that the news periodicals and press release speak for themselves.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31.

32. Admitted.

33. Defendant states that the Employment Agreement speaks for itself.

34. Denied.

35. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35.

36. Defendant states that Paragraph 36 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 36.

37. Defendant states that the Contribution Agreement speaks for itself, and denies that AFL Insurance directed Zodiac to pay dividends to AFLIB2. Defendant denies the remaining allegations in Paragraph 37.

38. Admitted, as stated on Zodiac LLC's letterhead, emails, and business cards, Zodiac LLC was a "Next Gen" member company.

39. Defendant states that he worked to grow Zodiac and make it more profitable. Defendant denies the remaining allegations in Paragraph 39.

40. Defendant states that he worked to grow Zodiac and make it more profitable. Defendant denies the remaining allegations in Paragraph 40.

41. Defendant states that he worked to grow Zodiac and develop new commissions. Defendant denies the remaining allegations in Paragraph 41.

42. Defendant states that the press release speaks for itself.

43. Defendant states that the press release speaks for itself.

44. Defendant states that the article speaks for itself.

45. Defendant states that the article speaks for itself.

46. Defendant states that the article speaks for itself.

47. Defendant states that the article speaks for itself.  Defendant denies the remaining allegations in Paragraph 47.

48. Defendant states that the LinkedIn profile speaks for itself.

49. Defendant states that the article speaks for itself.

50. Defendant states that the article speaks for itself.

51. Denied.

52. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 52.

53. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 53.

54. Denied.

55. Defendant states that the email communication speaks for itself. Defendant denies the remaining allegations in Paragraph 55.

56. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57. Defendant states that the Director's Report speaks for itself.

58. Defendant states that the Director's Report speaks for itself.

59. Defendant states that the Director's Report speaks for itself.

60. Denied.

61. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 62.

63. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 63.

64. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 64.

65. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 65.

66. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 66.

67. Denied.

68. Denied.

69. Denied.

## COUNT ONE
### Fraud

70. Defendant hereby restates and incorporates by reference his responses to the allegations contained in the preceding paragraphs as if fully stated herein.

71. Denied.

72. Denied.

73. Denied.

74. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 74.

75. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 75.

76. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 76.

77. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 77.

78. Denied.

79. Denied.

WHEREFORE, Robert Finch, individually and as a Director of Zodiac Insurance Services, LLC, as a Director of AFL Insurance Brokers Limited, as a Director of AFL USA, Inc., as a Director of AFLIB2 Ltd. and as a Director of Next Gen Worldwide Limited, respectfully request that the Court enter judgment in his favor and against the Plaintiffs on Count I.

## COUNT TWO
### Negligence

80. Defendant hereby restates and incorporates by reference his responses to the allegations contained in the preceding paragraphs as if fully stated herein.

81. Defendant states that the financial statements speak for itself.

82. Defendant admits that while he was CEO of AFL Insurance he was responsible for keeping adequate accounting records in compliance with applicable law.

83. Denied.

84. Defendant admits that as a director of AFL Insurance his responsibilities included oversight of the assets of AFL Insurance and oversight of corporate fraud prevention activities.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Defendant states that the article speaks for itself. Defendant denies the remaining allegations in Paragraph 89.

90. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 90.

91. Denied.

92. Admitted.

93. Defendant states that Paragraph 93 contains legal conclusions to which no answer is required.

94. Denied.

95. Denied.

96. Denied.

WHEREFORE, Robert Finch, individually and as a Director of Zodiac Insurance Services, LLC, as a Director of AFL Insurance Brokers Limited, as a Director of AFL USA, Inc., as a

Director of AFLIB2 Ltd. and as a Director of Next Gen Worldwide Limited, respectfully request that the Court enter judgment in his favor and against the Plaintiffs on Count II.

## COUNT THREE
### Derivative on Behalf of Zodiac LLC

97. Defendant hereby restates and incorporates by reference his responses to the allegations contained in the preceding paragraphs as if fully stated herein.

98. Denied.

99. Denied.

100. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 100.

101. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 101.

102. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 102.

103. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 103.

104. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 104.

105. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 105.

106. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 106.

107. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 107.

108. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 108.

109. Defendant states that Paragraph 109 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 109.

110. Defendant states that Paragraph 110 does not require an answer.

111. Defendant states that Paragraph 111 contains legal conclusions to which no answer is required.

WHEREFORE, Robert Finch, individually and as a Director of Zodiac Insurance Services, LLC, as a Director of AFL Insurance Brokers Limited, as a Director of AFL USA, Inc., as a Director of AFLIB2 Ltd. and as a Director of Next Gen Worldwide Limited, respectfully request that the Court enter judgment in his favor and against the Plaintiffs on Count III.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim on which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable injury.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the economic loss doctrine.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs fail to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Plaintiffs do not fairly and adequately represent the interests of the shareholders in enforcing the rights of the corporation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Plaintiffs did not first make a demand upon the corporation's board of directors.

### NINETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Plaintiffs did not first make a demand upon the corporation's shareholders.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Plaintiffs have failed to join one or more necessary parties.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

### TWELTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this matter.

                By his attorneys,

Dated: January 10, 2023
      Newark, New Jersey

*s/ Jonathan S. Liss*
Jonathan S. Liss, Esq.
Yolanda J. Bromfield, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
(973) 639-6295 (facsimile)
jliss@gibbonslaw.com

Kenneth C. Pickering, Esq. (admitted *pro hac vice*)
**MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP**
100 Front Street
Worcester, MA 01608-1477
(508) 791-8500
(508) 791-8502 (facsimile)
kpickering@mirickoconnell.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant Robert Finch's **ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** will be sent to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM-ECF system.


Date: January 10, 2023               *s/ Jonathan S. Liss*
                                     Jonathan S. Liss